## Cawood v. Cawood, et al.

(Decided June 12, 1925.)

### Appeal from Harlan Circuit Court

Torts—Defendants Wrongfully Ousting Plaintiff and Transferring Property to Innocent Purchaser Liable for Value of Property.—Where defendants, taking deed with notice of plaintiff's unrecorded deed, wrongfully ousted plaintiff from possession of

her property, and held wrongful possession thereof under color of title, upon transfer of property to an innocent purchaser, they became liable to plaintiff for reasonable market value of property.

E. H. JOHNSON for appellant.

RADER & HOWARD for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

A demurrer having been sustained to appellant's petition, and she having declined to plead further, the petition was dismissed by the lower court and appellant appeals. It is averred that on March 31, 1919, appellant purchased and procured a deed to a certain described tract of land, which deed she never put to record; that thereafter she put valuable improvements upon the land and placed a tenant in possession thereof; that after this, the appellees with full knowledge and notice of the fact that appellant had purchased this property and had legal title thereto, and was in the possession of the same against the world by herself and through her tenant, purchased this land from appellant's vendors, took a deed to the same, and thereafter, without appellant's knowledge or consent ejected her tenant from the land and took possession of the same, and thereafter sold and conveyed by deed the property in question to *bona fide* purchasers for value without notice of appellant's unrecorded deed. She avers that by reason of these facts she has been damaged by appellees in the sum of $2,500.00 being the fair and reasonable market value of the property at the time they sold the same to the innocent purchaser, and for this sum she seeks judgment.

The judgment of the lower court must be reversed. Appellees, by their own wrong, ousted appellant from the possession of her land. With their recorded deed to the property which as between appellant's vendors or appellant and themselves passed no title, they yet held such wrongful possession under a color of title. Having wronged the appellant once, it was their duty not to wrong her a second time by transferring such wrongful possession under color of title to a purchaser for value and without notice, thereby investing him and divesting her of the fee. As between appellant and appellee, so long as the latter retained possession of the property under color of title, the appellant could have compelled a restoration of the possession and surrender or can-

cel the color of title. Being under these duties of restoring possession and surrendering void claims to title, appellees could not, by transferring the property to an innocent purchaser, escape the performance of these duties or the obligation to make appellant whole because of their inability to so perform caused by their own acts in making such transfer.

In the case of Johns v. Parsons, 185 Ky, 513, 215 S. W. 195, we had before us a somewhat similar case. There the vendor of property after having made and delivered to the vendee through her agent a deed to the same, entered into a wrongful agreement with the agent whereby the agent redelivered the deed to the vendor after which the latter destroyed the deed and made out another one conveying the property to an innocent purchaser, the agent profiting by the latter conveyance. The vendee, on learning of these facts, sued the vendor for the reasonable market value of the property at the time of the conveyance to the innocent purchaser. In sustaining her right to this recovery, we said:

"We base his (the vendor's) liability not on his failure to comply with the contract, but on his tort in destroying the original deed and depriving Mrs. parsons of her property." See also note in 26 L. R. A. (N. S.) 284.

It, therefore, follows that the lower court erred in sustaining a demurrer to appellant's petition and its judgment must be reversed.